UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § § | CIVIL ACTION NO. **4:24-cv-2328** |
| **AVALON OM SAI KATY HOTELS, LLC D/B/A LA QUINTA INN & SUITES** § § § § § | |
| **Defendant.** § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Trisura Specialty Insurance Company ("Trisura") brings this action for Declaratory Judgment against Avalon OM Sai Katy Hotels, LLC d/b/a La Quinta Inn & Suites ("Avalon") and states as follows:

### NATURE OF THE ACTION

1. This is a civil action pursuant to 28 U.S.C. Section 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure for declaratory judgment concerning coverage provided under a commercial general liability insurance policy that Plaintiff Trisura issued to Defendant Avalon.

### THE PARTIES

2. Plaintiff Trisura Specialty Insurance Company is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma.

3. Defendant Avalon OM Sai Katy Hotels, LLC d/b/a La Quinta Inn & Suites is a Texas limited liability company with its registered office at 5 Camden Court, Sugarland, Texas

77479. Upon information and belief, Avalon's members are natural persons who are citizens of Texas, and none of Avalon's members are citizens of Oklahoma. Avalon may be served through its registered agent, Anil Verma, 5 Camden Court, Sugarland, TX 77479.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a). Diversity of citizenship exists completely between Plaintiff and Defendant. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Avalon is a named insured under a commercial general liability policy, which Trisura issued to Avalon beginning on January 6, 2023 and continuing through January 6, 2024. The commercial general liability policy has a $1,000,000 per claim limit of liability and a $2,000,000 aggregate limit of liability.

6. This Court has personal jurisdiction over Defendant because Defendant is present in and is conducting business in Texas, and it engaged in activities in Texas that gave rise to Plaintiff's claims.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. The Trisura insurance policies were issued in Texas to Avalon and Avalon's principal office address of 5 Camden Court, Sugarland, Texas 77479 is in this District. Further, the underlying claim the subject of this declaratory judgment occurred in this District and the related lawsuit is pending in Fort Bend County, Texas.

## FACTUAL BACKGROUND

8. Avalon is a defendant in a lawsuit styled *R.P. and C.P., Ind. and a/n/f of L.P., a Minor, v. Manuel Sierra, Sr., et al.*; Cause No. 23-DCV-310492; In the 140th District Court, Fort Bend

County, TX ("Underlying Lawsuit"). The Underlying Lawsuit involves claims that Avalon, while operating its hotel in Katy, Texas, allowed a sexual assault to occur. The plaintiffs in that lawsuit claim that on September 23, 2023, Avalon rented several rooms to co-defendants, Manuel and Sylvia Sierra, and allowed the Sierras to invite numerous individuals to the rooms for an unsupervised party. During the course of the evening, the minor plaintiff, L.P., claims that she was repeatedly raped and that Avalon facilitated these alleged sexual assaults and did nothing to prevent them from occurring.

9. The plaintiffs in the Underlying Lawsuit seek to recover from Avalon monetary relief in excess of $250,000. A true and correct copy of Plaintiffs' First Amended Original Petition in the Underlying Lawsuit is attached hereto and incorporated herein by reference as Exhibit "A."

10. Trisura is defending Avalon in the Underlying Lawsuit under reservation of rights.

## IV.
## TRISURA POLICY PROVISIONS

11. Trisura issued policy no. OSU1006128-00 to Avalon effective from January 6, 2023, to January 6, 2024 (the "Trisura Policy"). The Trisura Policy provides commercial general liability coverage and contains the following relevant language:

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

\* \* \*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period;

12. The Trisura Policy also contains the following endorsement, entitled Exclusion – Abuse or Molestation. This endorsement modifies the Trisura Policy's Exclusion section, which lists what the policy does not apply to. The endorsement reads in pertinent part as follows:

> **SECTION I – COVERAGES**, **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**, **2. Exclusions** are amended by the addition of the following:
>
> **Abuse or Molestation**
>
> **(1)** "Bodily injury", "property damage" or "personal and advertising injury" arising out of or in any way related, in whole or in part, to any actual, threatened or alleged:
>
>     **(a)** Sexual abuse;
>     **(b)** Sexual molestation;
>     **(c)** Sexual misconduct;
>     **(d)** Sexual victimization;
>     **(e)** Physical abuse;
>     **(f)** Physical assault;
>     **(g)** Coercion to engage in sexual activities;
>     **(h)** Illicit physical contact;
>     **(i)** Sexual assault;
>     **(j)** Sexual battery;
>     **(k)** Sexual exploitation; or
>     **(l)** Negligent reporting to the property authorities, or failure to so report.
>
> **(2)** This exclusion applies regardless of the degree of culpability or intent and without regard to:
>
>     **(a)** Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, "employees", agents or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;
>
>     **(b)** The alleged failure of the insured or his officers, "employees", agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, "employee", agent or servant of the insured; or

    **(c)** The alleged failure of the insured or his officers, "employees", agents or servants to attempt to prevent, bar or halt any such conduct.

## V.
## NO COVERAGE OR DEFENSE OBLIGATION

13. The Abuse and Molestation Exclusion endorsement states that the Trisura Policy provides no coverage for any claims arising out of or in any way related to sexual assault or abuse, among other things. By virtue of the Abuse and Molestation Exclusion endorsement on the Trisura policy, Trisura is under no duty to defend or to indemnify Avalon in connection with the claims asserted by the plaintiffs in the Underlying Lawsuit.

14. The claims asserted in the Underlying Lawsuit all stem from the alleged sexual assault of the minor plaintiff at Avalon's hotel. The Abuse and Molestation exclusion plainly excludes coverage for such claims.

15. As such, Trisura requests that the Court declare that it is under no duty to defend or to indemnify Avalon in connection with the Underlying Lawsuit.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Trisura prays for relief as set out above, for its costs, and for such other and further relief, both at law and in equity, as it may show itself justly entitled.

Respectfully submitted,

*/s/ Beth Bradley*
Beth Bradley
State Bar No. 06243900
Southern District Bar No. 18053
bethb@tbmmlaw.com
Lori Murphy
State Bar No. 14701744
Southern District Bar No. 711885
lorim@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:	214-665-0100
Facsimile:	214-665-0199

**ATTORNEYS FOR PLAINTIFF**